UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| EDWARD L. HARRIS ) | |
| ) | |
|    *Petitioner*, ) | |
| ) | |
| v. ) | No. 3:97-cv-407 |
| ) | *Jordan* |
| ) | |
| RICKY BELL, Warden ) | |
| ) | |
|    *Respondent*. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court granted summary judgment to respondent on a majority of petitioner's claims and directed respondent to file an answer as to the remaining claims. With respect to petitioner's claims that the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) [numeric paragraph 79 and subparts as designated in the amended habeas petition], the respondent contends that the *Brady* claims were not asserted in the state courts and thus are procedurally defaulted. The respondent also notes that he cannot answer the *Brady* claims in detail because petitioner did not adequately identify the documents that support the *Brady* claims.

In response, petitioner moves to expand the record with exhibits from the Tennessee Bureau of Investigation file and Gatlinburg Police records that were turned over to petitioner pursuant to the motion for discovery filed in this case; the exhibits are attached to the motion to expand as Appendix 2. Petitioner's motion to expand the record [Court File No. 257] is **GRANTED**. Petitioner should refile Appendix 2 on the record by a Notice of Filing Documents.

With respect to the respondent's contention that petitioner defaulted his *Brady* claims, it is well-settled that a criminal defendant who fails to comply with state procedural rules which require the timely presentation of constitutional claims waives the right to federal habeas corpus review of those claims unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner contends he could not have raised his *Brady* claims in the state courts because the exculpatory evidence was never turned over to petitioner during the state court process and therefore his claims are not defaulted. *See Banks v. Dretke*, 540 U.S. 668, 691 (2004) ("a petitioner shows 'cause' when the reason for his failure to develop facts in state-court proceedings was the State's suppression of the relevant evidence").

Under the circumstances, the court finds it appropriate for the respondent to address petitioner's *Brady* claims on the merits. Respondent shall have thirty (30) days from the date of this Memorandum and Order to file his answer to the *Brady* claims.

**ENTER:**

                                                s/ Leon Jordan
                                     United States District Judge