UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

EDWARD LEROY HARRIS, )
)
    Petitioner, )
)
v. ) No.: 3:97-CV-407
)
)
WAYNE CARPENTER, Warden,[1] )
)
    Respondent. )

**MEMORANDUM OPINION**

    This is a petition for writ of habeas corpus brought by Tennessee inmate, Edward Leroy Harris ("petitioner"). The Court granted respondent's motions for summary judgment, and denied petitioner's petition with respect to his conviction and sentence [Docs. 247, 248, 270, 271]. This matter is now before the Court on petitioner's motion to amend his first motion to alter and amend the Court's judgment, pursuant to Fed. R. Civ. P. 59 [Doc. 279]. For the reasons stated below, petitioner's motion will be **DENIED**.

**I.    Procedural History and Factual Background[2]**

    Petitioner was convicted of two counts of first degree murder and one count of armed robbery by a Sevier County jury in May, 1988. Each murder conviction carried a death sentence, and the armed robbery conviction carried a sentence of life imprisonment. Petitioner's convictions and sentences were affirmed on appeal to the Tennessee Supreme Court, *see State v.*

---

    [1] Warden Wayne Carpenter was named Warden of the Riverbend Maximum Security Institution on May 6, 2013. Accordingly, the Clerk is **DIRECTED** to change the name of Respondent to Wayne Carpenter on the Court's CM/ECF docket sheet.
    [2] The Court assumes familiarity with Petitioner's case and only discusses the procedural and factual background as it is relevant to the motion currently before the Court.

*Harris*, 839 S.W.2d 54 (Tenn. 1992), and state post-conviction relief was subsequently denied. *Harris v. State*, 947 S.W.2d 156 (Tenn. Crim. App. 1996).

Petitioner filed a habeas corpus petition in this Court on February 2, 1998 [Doc. 42], and filed an amended petition on March 12, 1999 [Doc. 84]. However, while petitioner's proceedings were pending, he was determined to be mentally retarded and, therefore, ineligible for the death penalty under both the United States and Tennessee Constitutions. As a result, petitioner's death sentences were converted to consecutive life sentences. Ultimately, the Court denied petitioner's habeas petition, finding, among other things, that petitioner had procedurally defaulted a number of claims, including some of his claims alleging ineffective assistance of counsel under the Sixth Amendment [Doc. 247].

Petitioner subsequently filed his first motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) [Doc. 272]. Before the Court could rule on his motion, petitioner filed a motion to revise his first motion to alter or amend judgment, citing the Supreme Court's decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) [Docs. 279, 285]. The Court ultimately denied petitioner's first motion to alter or amend judgment, and granted his motion to revise the motion to alter or amend judgment, electing to treat it as a second motion to alter or amend judgment [Doc. 286]. The Court ordered the parties to provide additional briefing on the impact of *Martinez* and *Trevino* [Doc. 286].

## II. Analysis

### 1. Standard of Review

Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend the judgment of a court within 28 days of the entry of that judgment. A district court may grant a motion to alter or amend a judgment under this rule for any of the following reasons: (1) because

2

of an intervening change in controlling law; (2) newly discovered evidence; (3) to correct a clear error of law; or (4) to prevent manifest injustice. *Abnet v. Unifab Corp.*, No. 06-2010, 2009 WL 232998, at *3 (6th Cir. Feb, 3, 2009). Here, petitioner bases his motion to amend or alter judgment on the change of law wrought by *Martinez v. Ryan* [Doc. 279]. There is little doubt that the *Martinez* and *Trevino* decisions represent an intervening change in law, allowing a court to review its judgment under Fed. R. Civ. P. 59(e). *See, e.g., McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (referring to the *Martinez* and *Trevino* line of cases as a change in decisional law).

### 2. Relief Under *Martinez* and *Trevino*

*Martinez* effected a change in decisional law in that it created a "narrow exception" to the general rule of *Coleman v. Thompson*, 501 U.S. 722 (1991). The general rule from *Coleman* states that a habeas petitioner cannot use ineffective assistance of collateral review counsel as cause to excuse a procedural default. *Id*. at 756–57. The *Martinez* exception, however, provides that where a state's procedural law requires claims of ineffective assistance of counsel to be raised in an initial-review collateral proceeding, a procedural default will not bar a habeas court from hearing a substantial claim of ineffective assistance of counsel, if in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. *Martinez*, 132 S. Ct. at 1320. A year later, the Supreme Court expanded the *Martinez* exception to cases where a "state['s] procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of counsel on direct appeal . . .." *Trevino*, 133 S. Ct. at 1921. The Sixth Circuit subsequently ruled this exception applicable to Tennessee. *See Sutton v. Carpenter*, 745 F.3d 787, 795–96 (6th Cir. 2014).

3

Under *Martinez*, a petitioner may establish cause to excuse a procedural default of an ineffective assistance of trial counsel claim by showing that he received ineffective assistance by post-conviction counsel. *See Martinez*, 132 S. Ct. at 1320. This holding does not dispense with the "actual prejudice" requirement of *Coleman*; as such, a petitioner must "'show that his post-conviction counsel was ineffective under *Strickland v. Washington*.' That is, the petitioner must show both that his post-conviction counsel's performance was constitutionally deficient and that the petitioner was prejudiced by the deficiency." *Thorne v. Hollway*, No. 3:14-CV-0695, 2014 WL 4411680, at *22 (M.D. Tenn. Sept. 8, 2014) (quoting *Clabourne v. Ryan*, 745 F.3d 362, 376 (9th Cir. 2014)).

In addition, relief under *Martinez* requires a showing of a substantial underlying claim of ineffective assistance of trial counsel. *See Trevino*, 133 S. Ct. at 1918; *Martinez*, 132 S. Ct. at 1318–19. This showing, as with the showing for post-conviction counsel, must meet the requirements of *Strickland*. *See id*. Under *Strickland*, a petitioner can prove prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The "actual prejudice" requirement of *Coleman* and the prejudice requirement of *Strickland* overlap such that "in many habeas cases seeking to overcome procedural default under *Martinez*, it will be more efficient for the reviewing court to consider in the first instance whether the alleged underlying ineffective assistance of counsel was 'substantial' enough to satisfy the 'actual prejudice' prong of *Coleman*." *Hollway*, 2014 WL 4411680, at *23.

### 3. Ineffective Assistance of Counsel Claim

Petitioner asserts that he is entitled to relief under *Martinez* because his trial counsel rendered ineffective assistance due to a conflict of interest [Doc. 279]. Particularly, petitioner

argues that his trial counsel suffered from an "undisclosed and irreconcilable conflict of interest because he had previously represented [petitioner's] codefendants, Demodica and Doby" [Doc. 279].[3] According to petitioner, co-defendants Joseph Charles Demodica and Rufus Edward Doby were arrested for possession of stolen property five days after the murders for which petitioner was convicted [Doc. 279]. During this time, Demodica was questioned about the murders, and he gave a statement that was substantially different from what he later testified to at petitioner's trial [Doc. 279]. Petitioner's trial counsel, Mr. Sexton, was appointed to represent Demodica on his possession of stolen property charges [Doc. 279-3]. Petitioner alleges that this prior representation prohibited his trial counsel from adequately cross examining Demodica during his trial [Doc. 279].

As previously mentioned, to establish a substantial ineffective assistance of counsel claim, a petitioner must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687–88. A counsel's performance is considered deficient if it is objectively unreasonable under prevailing professional norms. *Id*. at 688. To prove prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

When dealing with ineffective assistance of counsel in conflict of interest cases, "to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). "A defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to

---

[3] Petitioner has generally alleged that his post-conviction counsel was ineffective for failing to raise this claim [Doc. 279].

5

obtain relief." *Id*. at 349–50. However, "until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Id*. at 350. The Supreme Court has found that *Sullivan*'s presumed prejudice is met in cases where there is a conflict due to multiple concurrent representation. *See Mickens v. Taylor*, 535 U.S. 162 (2002). The Sixth Circuit, however, "has consistently held that for § 2254 cases, the *Sullivan* standard does not apply to claims of conflict of interest other than multiple concurrent representation; in such cases, including successive representation, the *Strickland* standard applies." *Stewart v. Wolfenbarger*, 468 F.3d 338, 351 (6th Cir. 2006) (citations omitted).

Here, petitioner's case does not involve multiple concurrent representation. Mr. Sexton represented Demodica during a previous charge of possession of stolen property, and over a year later represented petitioner in his murder trial. As such, the *Strickland* standard applies. *See id*. Petitioner argues similarities with other cases where courts have found a conflict of interest pursuant to the *Sullivan* assumption of prejudice standard [Doc. 279]. Of these cases, only one case falls within Sixth Circuit jurisprudence and involves successive representation: *Moss v. United States*, 323 F.3d 445 (6th Cir. 2003). However, the Sixth Circuit has, in *Stewart*, previously analyzed the facts in *Moss* and found its facts to be different from cases like petitioner's. *See Stewart*, 468 F.3d at 351. Particularly, the court noted that *Moss*: (1) was a § 2255 case in which federal courts are not constrained in ways that they are in § 2254 cases; (2) involved a situation where the co-defendants were tried together and collaborated on a defense—elements analogous to multiple concurrent representation cases; and (3) involved a situation where the co-defendant paid the petitioner's counsel fees. *Id*. None of these *Moss* facts are

6

present in petitioner's case to distinguish it from other cases where the Sixth Circuit has found mere successive representation. *See id*. at 351–52.

Under *Strickland*, petitioner must show deficient performance by his trial counsel. Petitioner merely claims that his trial counsel's performance was somehow deficient because he "could not ethically cross-examine Demodica about any confidential information he received as a result of his representation" [Doc. 279]. The Court first notes that the *Strickland* standard is a highly deferential standard which requires the reviewing court to proceed under the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

The Court cannot find anything in the record that leads it believe that trial counsel's cross-examination of Demodica fell below professional norms. Rather, the record indicates otherwise. Trial counsel's cross-examination and re-cross examination of Demodica spanned a total of almost 100 pages [Addendum No. 2, Vols. 11–12, pp. 837–931, 937–39]. Trial counsel questioned Demodica about his prior statements concerning where he was during the murders, and about the timeline of his activities with petitioner in the days leading up the murders, as one of counsel's theories was that it was impossible to do everything Demodica claimed they did in the applicable time frame. Counsel also impeached Demodica about his prior inconsistent statements to Agents Davenport and Hutchinson when the agents originally questioned him about the murders [Addendum No. 2, Vol. 11, p. 878]. There is no evidence that trial counsel was burdened by a conflict of interest during his cross-examination of Demodica. Petitioner's contention that his trial counsel had knowledge of confidential information, which he could not ethically question Demodica about, forces the Court to speculate and reach a conclusion not supported by the record. It is well settled that the mere possibility of conflict is insufficient to

7

impugn a criminal conviction. *Sullivan*, 446 U.S. at 350. Petitioner has not met his burden of showing that his trial counsel's performance was deficient.

Because petitioner has failed to show deficient performance under *Strickland*, the Court need not reach the question of prejudice. *See, e.g.*, *Strickland*, 466 U.S. at 697 (concluding that since both the performance prong and prejudice prong must be satisfied, if a petitioner cannot satisfy one prong, the other need not be examined). As such, the Court finds that petitioner cannot show a substantial ineffective assistance of counsel claim to excuse his procedural default under *Martinez*.

### III.  Conclusion

For the reasons stated above, the Court finds that petitioner has failed to show that his claim of ineffective assistance of counsel due to a conflict of interest is substantial permitting him to overcome its default under *Martinez* and *Trevino*. Petitioner's claim will, therefore, be **DENIED**.

**AN APPROPRIATE ORDER WILL ENTER.**

                             _____s/ Leon Jordan_____
                             United States District Judge

8

Case 3:97-cv-00407-RLJ-HBG   Document 290   Filed 03/10/15   Page 8 of 8   PageID #: 646